THOMSEN et al. v. UNION CASTLE MAIL S. S. CO. et al.

(Circuit Court of Appeals, Second Circuit. October 1, 1908.)

No. 195.

1. APPEAL AND ERROR (§ 927*)—DISMISSAL—REVIEW.
   In reviewing a judgment dismissing plaintiffs' complaint over their objection before plaintiffs' testimony had closed, it must be assumed that plaintiffs, if permitted to proceed, would have established that which they alleged, unless negatived by their evidence or admissions on the trial.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3748; Dec. Dig. § 927.*]

2. MONOPOLIES (§ 16*)—RESTRAINT OF TRADE—FOREIGN COMMERCE—"COMBINATION IN RESTRAINT OF COMPETITION."
   A combination of shipowners to prevent competition between members by maintaining uniform freight rates in South African trade, and to eliminate the possibility of competition with other lines by requiring shippers to pay forfeit money in case they patronized other lines, constituted a combination in restraint of competition and foreign commerce, in contravention of the federal anti-trust statute.
   [Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 12; Dec. Dig. § 16.*
   For other definitions, see Words and Phrases, vol. 2, p. 1275; vol. 8, p. 7606.]

3. MONOPOLIES (§ 12*)—RESTRAINT OF TRADE—REASONABLENESS.
   In an action to recover treble damages caused by an unlawful combination in restraint of foreign commerce, in violation of the federal anti-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

trust statute, whether the restraint of trade caused by the combination was reasonable or unreasonable was immaterial.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 10; Dec. Dig. § 12.*]

4. MONOPOLIES (§ 12*)—RESTRAINT OF FOREIGN COMMERCE—CONTINUING COMBINATIONS..

Where a combination in restraint of foreign commerce was continuing, it was not material to plaintiff's right to recover treble damages sustained thereby, under the federal anti-trust act, whether the combination was entered into before or after plaintiffs commenced business, it being equally unlawful to prevent a person from engaging in business as to drive a person out of business.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 10; Dec. Dig. § 12.*]

5. MONOPOLIES (§ 12*)—FOREIGN COMMERCE—PLACE OF COMBINATION.

Where a combination in restraint of foreign commerce, in violation of the federal anti-trust act, was put in operation in the United States and affected her foreign commerce, it was not material to a suit by a person injured thereby that it was formed in a foreign country.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 10; Dec. Dig. § 12.*]

6. MONOPOLIES (§ 28*)—RESTRAINT OF FOREIGN COMMERCE—COMPLAINT—DAMAGES.

Where a complaint, under the federal anti-trust act, to recover treble damages for a combination in restraint of foreign commerce, alleged that plaintiffs were coerced by defendants' unlawful combination to pay a sum in addition to a reasonable freight rate, which was held subject to forfeiture in case plaintiffs shipped by other lines or their consignees received freight by other lines, and also contained general allegations of damage, it sufficiently alleged that plaintiffs had suffered damage by a violation of the act.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 18; Dec. Dig. § 28.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 149 Fed. 933.

Lorenzo Ullo (Albert M. Yuzzolino, of counsel), for plaintiffs in error.

Convers & Kirlin and Thomas Thacher (J. Parker Kirlin, of counsel), for defendants in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge. The plaintiffs brought an action for the recovery of treble damages under the seventh section of the federal anti-trust statute. The case came to trial, and the plaintiffs put in a part of their testimony, when, over their objection, the trial court dismissed the complaint.

In determining whether there was error in this action, it must be assumed that the plaintiffs, had they been permitted to proceed, would have established that which they alleged, unless negatived by their evidence or admissions upon the trial. The complaint alleges, in substance, that the defendants were engaged as carriers in the South African trade, and entered into a combination in restraint of foreign

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

trade and commerce in violation of the act by means of a scheme under which they united as "The South African Lines," fixed rates, and shut off outside competition by requiring shippers to pay a percentage in addition to a reasonable freight rate which they should receive back in case—and only in case—they refrained from shipping by other lines. The evidence shows the existence of a "conference" for the purpose of fixing and maintaining rates and a return "commission" to "loyal" shippers. The manifest purpose of the combination was to prevent competition between members by maintaining uniform rates, and to eliminate the possibility of competition with other lines by requiring shippers to pay that which was equivalent to forfeit money. The combination, being in restraint of competition in foreign commerce, was in contravention of the federal anti-trust statute. As said by the Supreme Court of the United States in National Cotton Oil Company v. Texas, 197 U. S. 115, 25 Sup. Ct. 379, 49 L. Ed. 689, in speaking of the purposes of the federal and state statutes against combinations:

"According to them, competition, not combination, should be the law of trade. If there is evil in this, it is accepted as less than that which may result from the unification of interests and the power such unification gives."

See, also, Northern Securities Case, 193 U. S. 197, 24 Sup. Ct. 436, 18 L. Ed. 679. And if there be any exception to the rule that the purpose of the statute is to preserve competition, it will not be found in a combination of carriers which not only eliminates competition among themselves, but attempts, in the manner shown in this record, to prevent outside competition.

Whether the restraint of trade imposed by the combination was reasonable or unreasonable is, under repeated decisions of the Supreme Court, immaterial. Whether the combination was entered into before or after the plaintiffs commenced to do business is equally immaterial. The statute applies to continuing combinations. It is as unlawful to prevent a person from engaging in business as it is to drive a person out of business. That the combination was formed in a foreign country is likewise immaterial. It affected the foreign commerce of this country, and was put into operation here. The complaint, therefore, states an unlawful combination—a thing "forbidden or declared to be unlawful" by the act. And the remaining question is whether the plaintiffs were thereby injured in their business or property.

The complaint alleges, in substance, that the plaintiffs were coerced by the unlawful combination into paying a sum in addition to a reasonable freight rate which was held practically subject to forfeiture in case the plaintiffs shipped by other lines or their consignees received freight by other lines. These are allegations of injuries inflicted by the combination. If the plaintiffs were coerced into paying sums of money, in excess of reasonable rates, which were held for the very purpose of preventing that competition which the statute is designed to promote, they were damaged, within the meaning of the statute, to the extent of the sums so paid. Moreover, the complaint contains general allegations of damage which we do not find to have been withdrawn upon the trial. It may be that the plaintiffs will be unable to

establish the essential elements of the claims for damage which they set up. But they are entitled to their opportunity—to their full day in court.

Judgment reversed.