AMES v. AMERICAN TELEPHONE & TELEGRAPH CO.

(Circuit Court, D. Massachusetts. January 14, 1909.)

No. 435.

1. CORPORATIONS (§ 202*)—ACTION BY STOCKHOLDER—INJURY TO CORPORATION.

The declaration alleged that the T. Telegraph Co., in which plaintiff was a stockholder, was organized to operate an independent system throughout the United States, after which the defendant company secured control of the T. Co. by the purchase of its stock, to prevent competition in interstate telephone traffic, which it had planned to carry on. Defendant since so managed the T. Co. as not to develop its business, but to prevent it from doing business, and suppressed competition, until the T. Co. was forced into the hands of a receiver. By such control defendant had monopolized interstate telephone commerce, and thereby rendered worthless plaintiff's stock in the T. Co., which prior thereto had been worth $15 a share. *On demurrer, held,* an injury to the corporation, and

not to the stockholders of the T. Co., and that plaintiff could not therefore sue in his own name to recover treble damages under the Sherman anti-trust act (Act July 2, 1890, c. 647, § 7, 26 Stat. 210 [U. S. Comp. St. 1901, p. 3202]), giving a right to recover threefold damages to any person who shall be injured in his business or property by any other person or corporation by reason of anything forbidden or declared to be unlawful by such act.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 202.*]

**2.** PLEADING (§ 216*)—DEMURRER—PROOF.

The possibility that proof may be introduced at the trial of an injury other than that alleged in the declaration will not require the overruling of a demurrer thereto.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 216.*]

**3.** CORPORATIONS (§ 211*)—INJURY TO CORPORATION—DAMAGES—DECLARATION.

Where, in an action by a stockholder of a corporation against defendant, the only injury alleged was to the corporation, a general averment that plaintiff had been greatly injured in his business and property was insufficient as an allegation of injury to plaintiff distinct from that to the corporation.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 211.*]

**4.** CORPORATIONS (§ 560*)—RECEIVERS—INJURY TO CORPORATION.

Where a corporation is in the hands of a receiver, an action for injuries to the corporation should be prosecuted by him for the benefit of the corporation's creditors.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 560.*]

Whipple, Sears & Ogden and William F. Poole, for plaintiff.
Storey, Thorndike, Palmer & Thayer, for defendant.

BROWN, District Judge. The declaration is framed in reliance upon the Sherman anti-trust act (Act July 2, 1890, c. 647, § 1, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200]), and claims threefold damages under that act.

The declaration avers in effect that the plaintiff is the owner of shares of the capital stock of the Telephone, Telegraph & Cable Company of America, organized to operate an independent telephone system throughout the United States; that the defendant, the American Telephone & Telegraph Company, secured control of the Telephone, Telegraph & Cable Company by the purchase of shares of its stock. The principal allegation requiring consideration is the following:

"The plaintiff avers that the defendant purchased said shares and secured said control for the purpose of preventing the free operation of competition in the interstate telephone traffic and commerce which said company had planned to carry on, and in the attempt to monopolize such commerce; that said cable company has since been managed by the nominees of the defendant and its agent, the said Morse, not for the purpose of developing the business for which said company was organized, but for the purpose of preventing said company from doing business, and thus suppressing and smothering the competition which it would otherwise cause to the business of the defendant, until now the company is in the hands of a receiver; and that by the exercise of its control of said cable company the defendant has, in fact, since monopolized such interstate telephone commerce."

It is alleged that the plaintiff's injury was rendering worthless his shares of stock of the cable company. The principal question upon

demurrer is whether the declaration sets forth any injury to the plaintiff resulting in a special damage peculiar to himself and distinguishable in kind from that which he shares with all other shareholders as a result of an injury to the corporation in its business or property.

Assuming merely for purposes of decision upon demurrer that the declaration alleges a violation of the Sherman act, and that it properly alleges consequent damage, I am of the opinion that the injury set forth is to the corporation, for which the corporation alone can maintain an action at law under the Sherman act. Section 7 of that act gives a right to recover threefold damages to—

"any person who shall be injured in his business or property by any other person or corporation by reason of anything forbidden or declared to be unlawful by this act," etc.

The business which it is alleged was injured was that of the Telephone, Telegraph & Cable Company of America, and not of the plaintiff. Can it be said that the injury which the plaintiff has suffered by the depreciation of the value of his shares constitutes such an injury in his property that it is distinguishable from the injury to the corporation? The right of a stockholder to maintain an action at law for injury suffered by the corporation was carefully considered by Chief Justice Shaw, in Smith v. Hurd et al., 12 Metc. (Mass.) 371, 46 Am. Dec. 690. In this opinion it is recognized that to the extent of his separate and peculiar interest a stockholder may maintain his separate and special action. It is said, however:

"But an injury done to the stock and capital, by negligence or misfeasance, is not an injury to such separate interest, but to the whole body of stockholders in common. It is like the case of a common nuisance, where one who suffered a special damage, peculiar to himself, and distinguishable in kind from that which he shares in the common injury, may maintain a special action."

A later case, Converse v. United Shoe Machinery Company, 185 Mass. 422, 70 N. E. 444, reaffirms the doctrine of Smith v. Hurd, and is in point upon the question whether this declaration sets forth any special injury to the plaintiff which is distinguishable from the alleged injury to the corporation. The language of the court is as applicable, I think, to the declaration in the present case as to the similar declaration then before the court:

"All the wrongs done or intended, set out in the declaration, are wrongs against the corporation in which the plaintiff is a stockholder, and except through the corporation they have no relation to the plaintiff. She was not affected by the defendant's conduct, except as every other stockholder was affected. Against her as an individual there was no conspiracy, and against her as an individual no wrong was done directly. There is no direct legal privity between her individually, or as a stockholder, and these defendants."

The Sherman act does not by its terms affect the question whether an injury is in legal contemplation an injury to the corporation or an injury to the stockholder. This question must be determined upon ordinary principles of law. There can be little doubt that the ordinary principle of representation of the stockholders by the corporation is as applicable to a violation of the Sherman act as to any other violation of law. There is no indication of an intention of Congress to sub-

ject a defendant to independent suits by a multitude of stockholders for an act for which the statute affords redress to the corporation itself.

The corporation has a right of action, and to so interpret the act as to confer a right of action upon the stockholder also, upon the present declaration, would be in effect to subject the defendant not merely to treble damages, but to sextuple damages, for the same unlawful act. The plaintiff's brief does not make satisfactory answer to this point. It is suggested by the plaintiff:

"If the corporation should also at some later time sue and recover, the fact of the plaintiff's earlier recovery should be considered in estimating the damages to be paid to the corporation."

The declaration alleges that the cable company is now in the hands of a receiver. It follows that upon recovery of damages for an injury to the corporation the fund belongs to the receiver for application to the obligations of the corporation. These obligations take precedence over the interest of the shareholder. The prior recovery by a shareholder, if permitted to diminish recovery by the receiver, would result in depriving creditors of the corporation, if there are any, of the assets properly belonging to them. Moreover, the assets of the corporation are subject to disposal by proper corporate action, and the individual stockholder has no rights inconsistent with this right of the corporation.

The allegation of damage to the plaintiff is that:

"He has been greatly injured in his business and property, in that his said shares of stock which were worth. as the plaintiff avers, $15 per share, at the time of purchase of stock by the defendant, have now been rendered worthless."

Plaintiff argues that, as the declaration contains no averment that the company lost its assets, it is perfectly conceivable that the stock of the company might become practically worthless, though its assets were not directly affected, if its officers insisted upon a policy of doing no business and paying no dividends.

It is further suggested that:

"If absolute injustice is not to be done by denying this plaintiff the right to maintain his suit, the court is required to rule that in no conceivable way and under no conceivable form of proof could he show that the value of his stock was affected in the slightest degree differently from the way that damage was done to the corporation. If there is any difference at all in the nature of the damage, then the demurrer should be overruled, and the case should be tried on issues of fact under the proper guidance of the court."

The possibility that at the trial proof may be introduced of an injury other than that alleged in the declaration is not a good reason for overruling the demurrer. The only injury set forth is an injury to the corporation. No facts are stated which show an injury to the plaintiff distinct from that to the corporation, and the possibility of proof thereof at a trial, therefore, cannot be considered upon demurrer. Such a general averment as that "the plaintiff has been greatly injured in his business and property" cannot support the introduction of testimony showing a different cause of action from that of which

the defendant is given notice by the declaration. The plaintiff must set out the facts from which it appears that he has suffered a peculiar and individual injury.

Granting that the value of corporate stock is dependent, not only upon assets in possession, but upon the expectation of profits to be realized through conduct of the corporate business, the shareholder has no special interest, distinct from that of the corporation, in such profits. If damages are recoverable for the destruction of provable future profits, the corporation or its receiver, and not the stockholder, would be entitled to such damages. Porter v. Sabin, 149 U. S. 473, 13 Sup. Ct. 1008, 37 L. Ed. 815.

It is not necessary, however, to speculate as to the possibilities and as to the conceivable right of stockholders to maintain individual actions. It is enough to say that ,the wrongs here alleged are to the corporation, that to admit any other line of proof would be to go outside of the declaration, and that the proper guidance of the court should be exercised, not in distinguishing relevant and irrelevant issues at the trial, but by rulings on demurrer which will determine the orderly course of the trial.

The facts in the case of Metcalf v. American School Furniture Company (C. C.) 108 Fed. 909, are substantially different. There is no careful consideration in that case of the question of representation of the stockholder by the corporation in suits under the Sherman anti-trust act. The decision is confined to the ground of multifariousness. The affirmation of this decision by the Circuit Court of Appeals in 113 Fed. 1020, 51 C. C. A. 599, amounts to nothing more than an affirmation of the decision that the claim for triple damages under the Sherman act could not be joined with a stockholders' bill. The court observes that:

"Section 7 of the federal act of 1890 is declaratory of a common-law right which existed in favor of parties injured by wrongs enumerated in other sections of that act, and confers jurisdiction to seek a remedy, and with treble damages, in a federal tribunal. The character of the right of action is in no way changed, and still remains one in tort."

This is inconsistent with the contention that the Sherman act has the effect of changing the ordinary rule that the corporation represents the stockholder in wrongs done to the corporation. The plaintiff does not contend that the right of action for treble damages is given to the stockholder and denied to the corporation. A construction of the act which makes the defendant liable to sextuple damages is certainly to be avoided. The asserted right of the stockholder is inconsistent with the right of the corporation to maintain suit upon the facts alleged in the declaration.

In Pennsylvania Sugar Refining Company v. American Sugar Refining Company (C. C.) 160 Fed. 144, a similar action was brought, not by a stockholder, but by the corporation. The complaint was dismissed by the Circuit Court on the authority of United States v. E. C. Knight Company, 156 U. S. 1, 15 Sup. Ct. 249, 39 L. Ed. 325. A recent press report states, however, that this decision was reversed by the United States Circuit Court of Appeals for the Second Circuit and the right

of the corporation to maintain suit was apparently affirmed. 166 Fed. 254.

The plaintiff contends that, if it be true that the corporation and not the stockholder is the proper party to bring suit, it then follows that the stockholder has no remedy at all, for the reason that several cases have decided that a private individual cannot sue in equity under the Sherman act, and that the only remedy is at law. The cases of Pidcock v. Harrington (C. C.) 64 Fed. 821, Gulf, C. & S. F. Ry. Co. v. Miami S. S. Co., 86 Fed. 407, 30 C. C. A. 142, and Southern Indiana Ext. Co. v. U. S. Exp. Co. (C. C.) 88 Fed. 659, do not touch the question of the rights in equity of a stockholder upon a refusal of a corporation to maintain an action at law for damages under the Sherman act. A bill in equity based upon this ground would be substantially different from the suits in equity above referred to. The possibility that the stockholder might be deprived of some right through the failure or refusal of the corporation to take the proper steps to enforce its rights is not a sufficient reason for disregarding the doctrine of Smith v. Hurd, and Converse v. United States Shoe Machinery Company. See Porter v. Sabin, 149 U. S. 473, 13 Sup. Ct. 1008, 37 L. Ed. 815.

The cable company being in the hands of a receiver, there should be little practical difficulty in working out the stockholder's right through directions to the receiver as to suits upon causes of action belonging to the corporation.

The defendant contends, further, that the declaration shows no breach of the Sherman act resulting in damage to any one. A decision of this question involves a careful consideration of a number of decisions, some of which were not discussed at the argument.

I am of the opinion that a consideration of this point is unnecessary, in view of what seems to me the vital objection to the maintenance of a suit by a stockholder upon the present declaration.

Demurrer sustained.