## GERLI v. SILK ASS'N OF AMERICA et al.

District Court, S. D. New York. March 5, 1929.

Hays, Podell & Shulman, of New York City (Mortimer Hays, of New York City, of counsel), for plaintiff.

Gleason, McLanahan, Merritt & Ingraham, of New York City (Walter Gordon Merritt and Horace G. Hitchcock, both of New York City, of counsel), for defendants.

THACHER, District Judge. ██ Right to recover in this suit must be predicated on injuries to the plaintiff's "business or property." Defendants insist that the allegations of the complaint as limited by the bill of particulars disclose that the only injuries complained of are injuries to the property and business of a corporation of which plaintiff was the president and the controlling stockholder. While there are many allegations which, if standing alone, might be taken as meaning that the plaintiff was engaged in business on his own account, these allegations are limited by the sixty-fifth paragraph of the complaint, wherein it is alleged "that in all of the actions and proceedings hereinabove referred to, the plaintiff, Paul Gerli, acted on behalf of said Gerseta Corporation"; and by the bill of particulars, wherein it is stated that the plaintiff was engaged in dealing in silks and silk products as an officer, stockholder, and managing agent of the Gerseta Corporation, and as employee of said corporation engaged as such in the trade and commerce of the corporation. In the second paragraph of the bill of particulars it is alleged that plaintiff's participation in foreign trade and commerce had been in his individual capacity, and further that, when engaged in his individual capacity, he traded under his own name in the city of New York. These particulars relate specifically to paragraph 15 of the complaint, and are therefore limited by paragraph 65 of the complaint. Accordingly they must be interpreted as meaning that in certain transactions conducted by the plaintiff *in behalf of* the Gerseta Corpo-

ration he did business in his own name. In the concluding paragraphs of the complaint (75 and 76) other injuries to the plaintiff are alleged, and these allegations are in turn limited by the concluding paragraphs of the bill of particulars (21 and 22). Aside from injuries to the business of the Gerseta Corporation and to the business of a company in which his family was interested, plaintiff's only claims of damage are losses incurred by reason of the inability of the Gerseta Corporation to pay indebtedness owing to him, impairment of the value of his stock in the Gerseta Corporation, losses of future salaries and commissions to be received by him from the Gerseta Corporation, injury to his general credit and reputation, and damage to his business name and reputation.

██ In terms, the statute (15 USCA § 15) gives a right of action to one who has been "injured in his business or property." Keogh v. Chicago & N. W. R. Co., 260 U. S. 156, 163, 43 S. Ct. 47, 67 L. Ed. 183. In order to state a cause of action, plaintiff must therefore show by appropriate allegation that *he* has been injured in *his* business or property. It is not enough to allege something forbidden by the Anti-Trust Laws (15 USCA §§ 1–7, 15) and to claim general damage resulting therefrom. (American Sea Green Slate Co. v. O'Halloran [C. C. A.] 229 F. 77, 79), but the complaint asserting a statutory cause of action must affirmatively show the nature and character of the injury suffered, and that it was an injury to the plaintiff's business or property within the meaning of the statute. Noyes v. Parsons (C. C. A.) 245 F. 689; Jack v. Armour & Co. (C. C. A.) 291 F. 741; Alexander Milburn Co. v. Union Carbide & Carbon Corp. (C. C. A. 4) 15 F. (2d) 678. Obviously injuries to the corporate business are not injuries to the plaintiff's business, and for such injuries only the corporation may pursue the statutory remedy. For impairment of the value of plaintiff's shares in the corporation, the sole remedy available is through action by the corporation to redress the injuries which it has suffered. Green v. Victor Talking Mach. Co. (C. C. A.) 24 F.(2d) 378, 59 A. L. R. 1091. Ames v. American Tel., etc., Co. (C. C.) 166 F. 820. In so far as the impairment of the corporation's ability to pay its indebtedness to him is concerned, it is enough to say that this is not in form or substance a judgment creditor's suit, and the plaintiff is therefore not entitled as a creditor to enforce any claim of the corporation against these defendants. Nor is the loss of a corporate office and the salary incident thereto injury to business or

property within the meaning of the statute. Corey v. Boston Ice Co. (D. C.) 207 F. 465. Injuries to plaintiff's general credit and reputation are not injuries to his business (for he had none independently of the corporate business) or to his property. Reference is made to United Copper Securities Co. v. Amalgamated Copper Co. (C. C. A.) 232 F. 574, but there the right to recover treble damages was predicated upon injury to the business of organizing, promoting, and financing companies in which plaintiff's assignors were engaged as individuals. The plaintiff could not be injured in his business, because he had none of his own or any plans to engage in any business other than the business of the corporation for which he worked. Such decisions as Thomsen v. Union Castle Mail S. S. Co. (C. C. A.) 166 F. 251, Penna. Sugar R. Co. v. American Sugar R. Co. (C. C. A.) 166 F. 254, and Meeker v. Lehigh Valley R. Co. (C. C. A.) 183 F. 548, are therefore not in point.

Plaintiff having failed to allege facts sufficient to show that he has personally suffered any injury in his business or property, I am constrained to hold that he has not brought himself within the terms of the statute, and that his complaint as limited by his bill of particulars therefore fails to state a cause of action.

Accordingly motion for judgment dismissing the complaint is granted.