**NEW SANITARY TOWEL SUPPLY, INC., et al., Plaintiffs,**

v.

**CONSOLIDATED LAUNDRIES CORPORATION et al., Defendants.**

United States District Court
S. D. New York.

Jan. 18, 1963.

---

Burton B. Turkus, New York City, for plaintiffs, by Irwin N. Wilpon, Brooklyn, N. Y., of counsel.

Mervin C. Pollak, New York City, for defendants Linen Supply Institute of Greater New York, Inc., Harry Kessler, Linen Service Council of New Jersey, and Jack Orlinsky.

Benjamin Levine, Brooklyn, N. Y., for defendants, General Linen Supply & Laundry Co., Inc., Cascade Linen Supply Corp. of New Jersey, and Fred Radnitz.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendant Consolidated Laundries Corp.

Rosenman, Colin, Kaye, Petschek & Freund, New York City, for defendants Central Coat, Apron & Linen Service, Inc., Sam Spatt, Standard Coat, Apron & Linen Service, Inc. (a New York corporation), and Charles Maslow.

Simpson, Thacher & Bartlett, New York City, for defendants Modern Silver Linen Supply Co., Inc. (a New York corporation), Modern Silver Linen Supply Co., Inc. (a New Jersey corporation), and Louis Gordon. Mervin C. Pollak and Abner Paul Slatt, New York City, of counsel.

CROAKE, District Judge.

This motion is for an order granting reargument of a motion for judgment on the pleadings which was determined by the opinion of this court, dated November 30, 1962, and filed December 3, 1962, in so far as that motion was denied.

In support of their application, the defendants cite Gerli v. Silk Ass'n of America, 36 F.2d 959 (S.D.N.Y.1929), and Westmoreland Asbestos Co. v. Johns-Manville Corp., 30 F.Supp. 389 (S.D. N.Y.1939) aff'd 113 F.2d 114 (2d Cir. 1940), as authority for granting judgment on the pleadings in their favor with respect to causes of action based on covenants not to compete which were executed by two of the individual plaintiffs. They further assert that complaints in these cases contained allegations similar to those in the within case. The decisions in those matters are readily distinguishable from this one.

The allegations in the cited cases are general in nature and refer to destruction of "good name," "credit," "reputation," "good will," "prestige," and the like, whereas in the instant case there is a specific allegation that defendants coerced said plaintiffs to execute the covenants. In the cited cases, the harm alleged is that which would be expected to flow naturally as incidental effects of the primary damage done to corporate businesses. On the other hand, the allegations in the case at bar would require additional acts on the part of the defendants, which acts, by their very nature, would have to be aimed directly at said plaintiffs.

The motion for reargument is granted, and upon reargument the original decision dated November 30, 1962 and filed December 3, 1962 is adhered to.

So ordered.