**Jesus CONTRERAS et al.,**
**Plaintiffs-Appellants,**

v.

**GROWER SHIPPER VEGETABLE AS-SOCIATION OF CENTRAL CALIFOR-NIA, an unincorporated association, et al., Defendants-Appellees.**

**No. 71–1936.**

United States Court of Appeals,
Ninth Circuit.

Sept. 7, 1973.

---

William H. Carder (argued), of Cohen, Farnsworth, Denison & Carder, Salinas, Cal., for plaintiffs-appellants.

H. Lovell, Jr. (argued), of Lovell & Lovell, San Francisco, Cal., A. Church (argued), of Abramson & Church, Salinas, Cal., Philip B. Bass (argued), Steven L. Swig, Richard D. Maltzman, of Titchell, Maltzman & Mark, San Francisco, Cal., Noland, Hamerly, Etienne & Fulton, Salinas, Cal., Myckoff, Parker, Boyle & Pope, Watsonville, Cal., Pioda, Leach, Stave, Bryan & Ames, Salinas, Cal., for defendants-appellees.

Before CHAMBERS and TRASK, Circuit Judges, and TAYLOR, District Judge *.

PER CURIAM:

The plaintiffs-appellants, Jesus Contreras, et al., are appealing from an order entered on April 8, 1971, by the district court granting the motion of defendants-appellees, Grower Shipper Vegetable Association of Central California, et al., to dismiss appellants' complaint. The motion was granted on the ground that appellants lacked the requisite standing to sue under Section 4 of the Clayton Act, Title 15 U.S.C. § 15.

The appellants are agricultural employees engaged as field workers in the growing, harvesting and processing of iceberg lettuce. They allege that the appellees contracted, combined and conspired in interstate trade and commerce to fix prices for iceberg lettuce at an artificially high and noncompetitive price by limiting the total amount of iceberg lettuce produced and sold by them each year. Appellants claim they were injured in their business or property in that the work available to them was reduced by appellees' action in limiting the amount of lettuce production.

The appellees claim that the appeal was premature in that it was not taken from a final order since it dismissed the complaint and not the cause of action. In light of the decision in Firchau v. Diamond National Corp., 345 F.2d 269 (9th Cir. 1965), we believe, in the circumstances of this case, the appeal was not premature.

In determining that the appellants did not have standing to bring this action under Sec. 4 of the Clayton Act, the district court relied on the following decisions: Conference of Studio Unions v. Loew's Inc., 193 F.2d 51, 54–55 (9th Cir. 1951), cert. denied 342 U.S. 919, 72 S.Ct. 367, 96 L.Ed. 687 (1952); Hoopes v. Union Oil Company, 374 F.2d 480 (9th Cir. 1967); Twentieth Century Fox Film Corp. v. Goldwyn, 328 F.2d 190 (9th Cir. 1964), cert. denied 379 U.S. 880, 85 S.Ct. 143, 13 L.Ed.2d 87 (1964); Karseal Corp. v. Richfield Oil Corp., 221 F.2d 358 (9th Cir. 1955).

We are in complete agreement with the district court that these cases clearly indicate that the appellants do not come within the "target area" as that term is defined in this Circuit for determining the question of standing to sue under Section 4 of the Clayton Act. See also In re Multidistrict Vehicle Air Pollution M.D.L. No. 31, 481 F.2d 122 (9th Cir. 1973).

Accordingly, we affirm.

* Of the District of Idaho (sitting by designation).