Jose GUTIERREZ et al., Plaintiffs-Appellants,

v.

E. & J. GALLO WINERY CO., INC., et al., Defendants-Appellees.

No. 77–1896.

United States Court of Appeals, Ninth Circuit.

Sept. 20, 1979.

As Amended Nov. 26, 1979.

Jerome Cohen, Salinas, Cal., on brief; George C. Lazar, Salinas, Cal., argued, for plaintiffs-appellants.

James K. Haynes, Orrick, Herrington, Rowley, Sutcliffe, San Francisco, Cal., argued, for defendants-appellees.

Before DUNIWAY and SNEED, Circuit Judges, and KING,* District Judge.

* The Honorable Samuel P. King, Chief Judge, United States District Court for the District of Hawaii, sitting by designation.

DUNIWAY, Circuit Judge:

■ The portion of the judgment in this case which denies relief to the plaintiffs Jose Gutierrez, Gustavo Flores and Manuel V. Perez, who are referred to in the complaint as farm worker plaintiffs, is affirmed. The alleged conduct of the defendant, in its relation to these plaintiffs, is too remote from the activities of the defendants that these plaintiffs allege to give rise to a claim for relief on their behalf under the antitrust laws.

The complaint attempts to charge a conspiracy in restraint of trade. The conspirators are said to be the E. & J. Gallo Winery Co., Inc., and a number of affiliated concerns, who are the named defendants, together with all growers of grapes and other agricultural products used in Gallo wine products, and all distributors and wholesalers of Gallo wine products.

The complaint alleges price discrimination between growers, selling grapes at artificially low price levels, discriminating against certain growers, limiting the amount of wine grapes produced and sold, limiting the hours per day and days per year worked by farm workers in the growing and harvesting of grapes, territorial and other restrictions upon distributors, requiring dealers to buy only from Gallo, tying agreements, full line forcing of Gallo products, price fixing of Gallo wine products, discrimination in furnishing promotional materials, and false advertising.

The only effect upon farm workers that is alleged is that the amount of work available to farm workers engaged in growing and harvesting grapes has been reduced. Damages to farm workers are alleged to be $15 million.

The allegations about limiting hours and days of work were obviously thrown into what is otherwise essentially a boiler-plate charge of conspiracy aimed at price fixing, monopolizing, and rigging the market, to the detriment of customers, as an excuse for including farm workers in the complaint as plaintiffs. It is an effort to use the antitrust laws "as a vehicle to achieve goals unrelated to the purposes for which the antitrust laws were passed." *In re Multidistrict Vehicle Air Pollution,* 9 Cir., 1976, 538 F.2d 231, 237; *see also Contreras v. Grower Shipper Vegetable Assn.,* N.D.Cal., 1971, 1971 Trade Cas., ¶ 73,592, *aff'd,* 9 Cir., 1973, 484 F.2d 1346, *cert. denied,* 1974, 415 U.S. 932, 94 S.Ct. 1445, 39 L.Ed.2d 490; *Reibert v. Atlantic Richfield Co.,* 10 Cir., 1973, 471 F.2d 727, *cert. denied,* 411 U.S. 938, 93 S.Ct. 1900, 36 L.Ed.2d 399; *Jeffrey v. Southwestern Bell,* 5 Cir., 1975, 518 F.2d 1129; *Conference of Studio Unions v. Loew's, Inc.,* 9 Cir., 1952, 193 F.2d 51, *cert. denied,* 342 U.S. 919, 72 S.Ct. 367, 96 L.Ed. 687.

■ The portion of the judgment which denies relief to the plaintiffs Peter Turkier and Stephen White, who are referred to in the complaint as consumer plaintiffs, is vacated and their case is remanded to the district court for further proceedings in the light of the decision of the Supreme Court in *Reiter v. Sonotone Corp.,* 1979, —— U.S. ——, 99 S.Ct. 2326, 60 L.Ed.2d 931.

All questions presented by the record, or that may hereafter arise, are open for consideration by the district court, including, but not limited to, the contention of the defendants that the consumer plaintiffs have no claim for relief under the decision of the Supreme Court in *Illinois Brick Co. v. Illinois,* 1977, 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707, the request of the plaintiffs for certification of the action as a class action, the availability of injunctive relief, and other matters that may arise.

Affirmed in part, vacated in part, and remanded.