Charles H. LUCAS et al.,
Plaintiffs–Appellants,

v.

BECHTEL CORPORATION et al.,
Defendants–Appellees.

No. 78–3210.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 9, 1980.

Decided Oct. 7, 1980.

Thomas R. Fahrner, San Francisco, Cal., argued, for plaintiffs–appellants; Furth, Fahrner & Wong, San Francisco, Cal., Phillip Weeks, Phoenix, Ariz., on brief.

James P. Hargarten, San Francisco, Cal., Thomas F. Harper, Harrison, Myers & Singer, Phoenix, Ariz., argued, for defendants–appellees; Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., Mark I. Harrison, Phoenix, Ariz., on brief.

Before WRIGHT and POOLE, Circuit Judges, and BROWN,* District Judge.

* The Honorable Wesley E. Brown, Senior United States District Judge for the District of Kansas, sitting by designation.

POOLE, Circuit Judge.

Local 640 of the International Brotherhood of Electrical Workers and certain of its members appeal from final judgments dismissing their labor and antitrust claims against Bechtel Corporation (Bechtel), Bechtel Power Corporation (Bechtel Power), the IBEW International (the International), and other labor organizations, concerning wage scales paid to electrical workers by .Bechtel Power at the Palo Verde Nuclear Generating Station in Arizona. The complaint, as amended, alleged that Bechtel Power paid lower wages under the purported authority of the so–called Stabilization Agreement which the International (acting with the AFL–CIO Building and Construction Trades Department (BCTD) and its constituent unions, including IBEW) had negotiated for electrical workers. Appellants claimed entitlement to higher wage scales which are paid by Phoenix area construction contractors to electrical workers under terms of a contemporaneous "Inside Agreement," to which Local 640 was a signator, and which was made applicable through an "Amended Specialty Agreement" between the International and Bechtel. Appellants allege that the Stabilization Agreement was executed unlawfully without their consent and that the payment of lower wages was in furtherance of a conspiracy to enable the Bechtel companies to monopolize the market for design and construction of nuclear power plants. We conclude that the amended complaint stated claims under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and that antitrust claims were stated under the Clayton and Sherman Acts which the district court prematurely dismissed. We remand for fuller treatment of the factual predicates of these claims.

*Labor Claims*

██ While the district court granted appellees' motions to dismiss the labor counts for failure to state a claim, and did not

grant their separate motions for summary judgment, the record indicates that the court considered affidavits and other matters outside the pleadings. Under Rule 12(b)(6), Fed.R.Civ.P., this brings into consideration the procedures which are applicable to summary judgment and mandate a reasonable opportunity for the parties to present all material made pertinent by Rule 56. *Timberlane Lumber Co. v. Bank of America*, 549 F.2d 597, 601–02 (9th Cir. 1976). Appellants contend that they were not given a reasonable opportunity to complete discovery and to present necessary factual support for their complaint allegations to the effect that Bechtel Power is owned or controlled by Bechtel, that being a central part of their effort to tie Bechtel Power to the Amended Specialty and Inside Agreements. We believe this contention possesses merit because the district court summarily dismissed the labor claims out of consideration which went beyond the face of the complaint without however allowing sufficient fact gathering as provided in the rules. In doing so the court did not expressly find the absence of genuine issues as to material fact on the issue of the Bechtel corporations' alleged relationship to each other; it did not indicate whether it had otherwise resolved or adopted appellees' contentions that the Stabilization Agreement was the only applicable collective bargaining agreement;[1] and in fact stated no specific grounds for its decisions. We are not able to pass upon the underlying merits of the controversy in this posture of the case. See *Solinger v. A & M Records, Inc.*, 586 F.2d 1304, 1308 (9th Cir. 1978), *cert. denied*, 441 U.S. 908, 99 S.Ct. 1999, 60 L.Ed.2d 377 (1979).

Dismissal of the complaint would be proper only if, assuming its allegations to be true, it failed to state a claim on its face. *Timberlane Lumber, supra*, 549 F.2d at 603. The specific legal objections which appellees suggest constitute bars to the labor claims do not justify dismissal on the face of the pleadings. We cannot on the present record say that § 301 jurisdiction is lacking on the grounds that the controversy relates only to an intraunion dispute over the union constitution which does not affect external labor–management relations. See *Lodge 1380, etc. v. Dennis*, 625 F.2d 819, 823 (9th Cir. 1980); *Stelling v. International Brotherhood of Electrical Workers*, 587 F.2d 1379, 1384 (9th Cir. 1978), *cert. denied*, 442 U.S. 944, 99 S.Ct. 2890, 61 L.Ed.2d 315 (1979). Nor can we say with certainty that plaintiffs can prove no set of facts meeting the charge of failure to exhaust internal contractual remedies under the Stabilization Agreement and under ¶ 7(a) of the Amended Specialty Agreement. See *Gateway Coal Co. v. United Mine Workers*, 414 U.S. 368, 374, 94 S.Ct. 629, 635, 38 L.Ed.2d 583 (1974) (consent to contract arbitration procedures); *Vaca v. Sipes*, 386 U.S. 171, 184–85, 87 S.Ct. 903, 913–14, 17 L.Ed.2d 842 (1967) (employer repudiation of same contract procedures); *Retana v. Apartment, Motel, Hotel and Elevator Operations Union*, 453 F.2d 1018, 1027 (9th Cir. 1972) (futility). Finally, the amended complaint contains sufficient allegations of standing for both the individual plaintiffs and Local 640. The individuals have sued to vindicate their "uniquely personal rights" to the wages claimed under the allegedly breached agreements, not rights reserved to the union such as picketing, renegotiating a contract or protesting a plant relocation. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562, 96 S.Ct. 1048, 1055, 47 L.Ed.2d 231 (1976); *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 511 (9th Cir. 1978);

---

1. Appellees argue that even if Bechtel Power were shown to be a party to the agreements, the Inside Agreement would still be inapplicable because the Stabilization Agreement constituted an amendment to the Amended Specialty Agreement made by mutual consent under ¶ 1 thereof and became the "approved applicable local collective bargaining agreement" referred to in ¶ 4 thereof which expressly superseded all other agreements. These are basically defensive matters which do not go to the sufficiency of the complaint. They also inferentially raise issues as to intent, authority of IBEW to bind Local 640, reliance by Bechtel Power, and other issues, which the district court did not expressly resolve and are not ripe for review on the sketchy record before us.

*Brown v. Sterling Aluminum Products Corp.*, 365 F.2d 651, 657 (8th Cir. 1966), *cert. denied*, 386 U.S. 957, 87 S.Ct. 1023, 18 L.Ed.2d 105 (1967). Local 640 has invoked an interest on behalf of its members to recover wages claimed under a collective bargaining agreement (the Inside Agreement). *International Union, etc. v. Hoosier Cardinal Corp.*, 383 U.S. 696, 699–700, 86 S.Ct. 1107, 1109–10, 16 L.Ed.2d 192 (1966).

### Antitrust Claim

 The district court dismissed the antitrust claim of the First Amended Complaint, apparently for failure to state a claim on its face. Importing an antitrust claim in the situation here may indeed seem questionable, but, assuming the pleader's good faith, (see Rule 11, Fed.R.Civ.P.), it cannot be said with certainty that no proof could be adduced pursuant to these novel allegations which would entitle plaintiffs to relief. *Bodine Produce, Inc. v. United Farm Workers Organizing Committee*, 494 F.2d 541, 556 (9th Cir. 1974). Although the alleged antitrust aspects are interwoven with a collective bargaining agreement concerning wages and working conditions, *Connell Construction Co. v. Plumbers & Steamfitters Local Union No. 100, etc.*, 421 U.S. 616, 622, 95 S.Ct. 1830, 1835, 44 L.Ed.2d 418 (1975), the complaint, at least superficially, appears to avoid the labor antitrust exemption by alleging an illegal purpose of the Stabilization Agreement, namely that it is a means in a conspiracy to aid the Bechtel companies in dominating the market. *Id.* at 625, 95 S.Ct. at 1836; *Allen Bradley Co. v. International Brotherhood of Electrical Workers*, 325 U.S. 797, 808–09, 65 S.Ct. 1533, 1539, 89 L.Ed. 1939 (1945); *Bodine Produce, supra*, 494 F.2d at 551. Effect on commercial competition is alleged, and inferences of standing also are sufficiently intimated that it cannot be said that plaintiffs could not prove injury to their "business or property" "by reason of anything forbidden in the antitrust laws," under Clayton Act § 4, 15 U.S.C. §.15. See *Reiter v. Sonotone Corp.*, 442 U.S. 330, 338–39, 99 S.Ct. 2326, 2330–31, 60 L.Ed.2d 931 (1979) ("property"); *Re Multidistrict Vehicle Air Pollution*, 481 F.2d 122, 128 (9th Cir. 1973), *cert. denied*, 414 U.S. 1045, 94 S.Ct. 551, 38 L.Ed.2d 336 (1973) ("target area"); *Tugboat, Inc. v. Mobile Towing Co.*, 534 F.2d 1172, 1176–77 (5th Cir. 1976) (intended injury to employment rights); *cf. Conference of Studio Unions v. Loew's, Inc.*, 193 F.2d 51 (9th Cir. 1951), *cert. denied*, 342 U.S. 919, 72 S.Ct. 367, 96 L.Ed. 687 (1952) (incidental injury to employees). Moreover, by alleging "an injury cognizable in equity," plaintiffs conceivably could meet the less stringent standing requirement for injunctive relief under Clayton Act § 16, 15 U.S.C. § 26, which plaintiffs also seek. *Vehicle Air Pollution, supra*, 481 F.2d at 130.

We express no opinion whatsoever as to whether, upon fuller consideration, these claims in fact withstand scrutiny. We hold merely that dismissal without a more adequate factual record was ahead of its time.

REVERSED and REMANDED.