**IMPERIAL CONSTRUCTION MANAGE-MENT CORPORATION and Guy Cleveland, Plaintiffs,**

**v.**

**LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 96; International Union of Operating Engineers, Local 150; International Brotherhood of Electrical Workers, AFL–CIO, Local 701; and DuPage County Building and Construction Trades Council, Defendants.**

**No. 86 C 5715.**

United States District Court, N.D. Illinois, E.D.

March 31, 1993.

Michael Avakian, North Springfield, VA, Gerard C. Smetana, Richman, Lawrence, Mann, Greene & Smetana, Chicago, IL, for plaintiffs.

Hugh B. Arnold, John J. Toomey, Arnold & Kadjan, Chicago, IL, for defendants.

Pasquale Angelo Fioretto, Dale D. Pierson, Louis E. Sigman, Baum & Sigman, Ltd., Chicago, IL, for Local 150 & Local 701.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court are four motions of the various parties: defendant International Union of Operating Engineers, Local 150's ("Local 150") Motion for Summary Judgment, defendants Laborers' International Union of North America, Local 96's ("Local 96"), International Brotherhood of Electrical Workers AFL–CIO, Local 701's ("Local 701") and DuPage County Building and Construction Trades Council's ("Trades Council") Renewed Motion for Partial Judgment on the Pleadings and Motion to Dismiss Guy Cleveland as A Party Plaintiff, and plaintiff Imperial Construction Management Corporation's ("Imperial") Motion to Strike Insufficient Affirmative Defenses from Defendants' Answers. Each will be discussed in turn.[1]

## I. BACKGROUND

In a January, 1990 Order, Judge Rovner, to whom this case was previously assigned, denied defendants' motion for dismissal or summary judgment on plaintiffs' Third Amended Complaint because disputed issues of material fact as to the purposes of defendants' picketing and the meaning of the March 25, 1985 agreement existed. The court also made clear that it could not find, as a matter of law, that the defendants were entitled to the benefit of the statutory and nonstatutory exemptions to the antitrust laws. Furthermore, the court held that although plaintiffs sufficiently pled an agreement between Imperial and the union defendants to avoid the statutory exemption, plaintiffs' general allegations of a conspiracy with non-labor entities could not stand in the absence of more specificity. *Imperial,* 729

F.Supp. at 1210–11 and 1217. Subsequently, plaintiffs filed their Corrected ·Fourth Amended Complaint in order to, among other things, plead their conspiracy allegations more specifically. All the defendants have answered this Corrected Fourth Amended Complaint and submitted Affirmative Defenses. It is the allegations asserted in this Complaint and these Answers to which the present motions are directed.

### A. *Motion to Dismiss Guy Cleveland as A Party Plaintiff*

In this motion, defendants seek to have Guy Cleveland ("Cleveland") dismissed as a party plaintiff pursuant to FED.R.CIV.P. 12(b)(6). Defendants argue that he lacks standing under 15 U.S.C. § 15 because he failed to allege that he sustained damages distinct from those suffered by Imperial, of which Cleveland is the sole shareholder. Cleveland disputes this, saying he is a proper party to sue under the antitrust laws and that he has alleged personal injury distinct from any damages borne by Imperial. Because defendants have not shown that it is beyond doubt that Cleveland can prove no set of facts in support of his claim which would entitle him to relief, we will deny defendants' motion. *See Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 .(1972); *Rothner v. City of Chicago,* 929 F.2d 297, 302 (7th Cir.1991).

In the Corrected Fourth Amended Complaint, Cleveland makes the following allegations with respect to injury to himself as distinct from Imperial:

> Plaintiff Guy Cleveland, at all material times herein, was an independent and sole owner of Imperial and engaged in construction consultant work and was engaged in commerce and an industry affecting commerce within the meaning of Sections 2 and 7 of the Sherman Act (15 U.S.C. §§ 2, 7).

> \*　　\*　　\*　　\*　　\*　　\*

defendants eventually were successful in obtaining an agreement on March 25, 1985,

---

1. Judge Rovner's Memorandum Opinion and Order in this case dated January 17, 1990 published at 729 F.Supp. 1199 sets forth the facts in this case in full detail. As such, the court assumes familiarity with the facts and will not reiterate them here.

from Cleveland and Imperial ... [which states]:

> To Whom it May Concern:
> In return for the removal of all present and future pickers [sic] from the immediate area of the Stratford Inn, Carol Stream, Illinois, I, Guy Cleveland, agree to use only labor that is covered by a signed agreement with an AFL–CIO affiliated Local Union on all future building projects in DuPage County, Illinois. The buildings now in place, this date, will be completed with any labor Mr. Guy Cleveland, of the Imperial Construction Company desires.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> Imperial and Guy Cleveland, plaintiffs have suffered and continue to suffer substantial damages to their business and property in an amount in excess of $600,-000 in lost contract opportunities for other building projects in and about DuPage County, Illinois ...

Corrected Fourth Amended Complaint, at pp. 3, 17 and 34, ¶¶ 4, 17m-n, and 43.

In support of its position, defendants argue that any picketing activity was directed at Imperial and not Cleveland and that, in any case, injury to a stockholder or executive is too remote to support an anti-trust action. Defendants' Motion to Dismiss Guy Cleveland, at pp. 2–3 (citing *Southwest Suburban Bd. of Realtors, Inc. v. Beverly Area Planning Ass'n*, 830 F.2d 1374, 1378 (7th Cir. 1987); *Loeb v. Eastman Kodak Co.*, 183 F. 704, 709 (3d Cir.1910); *In re Industrial Gas Antitrust Litig.*, 681 F.2d 514, 519 (7th Cir. 1982); *National Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 608 (11th Cir.1984); and *Reibert v. Atlantic Richfield Co.*, 471 F.2d 727, 730–31 (10th Cir.1973)). Cleveland responds that, while these cases represent the law of anti-trust standing, they are inapplicable because his anti-trust injury was direct and not sustained derivatively through Imperial.[2] He relies mainly on the agreement of March 25, 1985 which, he argues, shows "the market

restraint in DuPage County in two parts, one imposed upon Cleveland and one upon Imperial, with Cleveland signing as an undesignated agent." Plaintiff's Response, at pp. 2–3. Cleveland further argues that the injury provision of the Clayton Act, 15 U.S.C. § 15(a), is interpreted broadly and that the Supreme Court, in *Associated General Contractors, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983), set out the test for antitrust standing which favors the plaintiff.

■ Under *Associated General* and its progeny, the factors relevant in determining standing under the antitrust law include whether:

(1) The defendant intended to cause harm to the plaintiff;

(2) The plaintiff is a consumer or competitor in the relevant market;

(3) The plaintiff's injury was a direct result of the antitrust violation;

(4) The injury alleged is speculative;

(5) There is a risk of duplicative recoveries if a particular plaintiff's suit is allowed to proceed; and

(6) An award of damages among several plaintiffs will give rise to complex issues of apportionment.

*Brown v. Visa U.S.A., Inc.*, 674 F.Supp. 249, 254 (N.D.Ill.1987) (citing *Associated General*, 459 U.S. at 537–45, 103 S.Ct. at 908–12). Applying these factors to the allegations here leads to the conclusion that Cleveland has alleged injury to himself distinct from Imperial and, thus, has standing.

First, the March 25, 1985 agreement tends to show that the defendants focused their allegedly unlawful activities on both Cleveland and Imperial. It specifically restricts "Guy Cleveland" in his labor practices, and refers to "Guy Cleveland, of the Imperial Construction Company". Second, there is little doubt that Cleveland is a competitor in the relevant market. Next, Cleveland alleg-

---

**2.** In his Response to this motion, Cleveland attempts in at least three places to supplement his arguments with evidence not in the original pleadings. Plaintiff's Response, at pp. 6–8 nn. 3–5. This information has been excluded because it is not relevant on a motion to dismiss and the court will not convert the present motion to dismiss into a motion for summary judgment. *See* FED.R.CIV.P. 12(b), *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993).

es that his diminished ability to compete and loss of revenues from the Carol Stream job site were a direct result of the defendants' conduct. Furthermore, there is little risk of duplicative recoveries because there are only two plaintiffs and damages sustained by Imperial and Cleveland are easily distinguishable. For the same reasons, no complex issues of apportionment will arise. Finally, although the injury to Cleveland is somewhat speculative, it is not so speculative as to deny him standing. As alleged, the March 25, 1985 agreement specifically enjoins Cleveland from using the labor of his choice on jobs in DuPage County. Furthermore, Cleveland alleges that he has worked as a contractor separate from Imperial for many years in DuPage County, and the defendants do not argue that the March 25, 1985 agreement applies only to Imperial or only to Cleveland and Imperial together. Therefore, the defendants have not shown that Cleveland lacks standing to pursue his anti-trust claims.

## B. *Renewed Motion for Partial Judgment on the Pleadings*

██ Defendants Local 96, Local 701 and the Trades Council move this court, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for partial judgment on the pleadings. The defendants seek to have this court "strik[e] the prayer for injunctive relief and dismiss[ ] all broad combination and conspiracy claims stated in Counts I and II of the Corrected Fourth Amended Complaint, leaving only Plaintiffs' claim in Count III" because plaintiffs have failed to allege any actionable conspiracies. Renewed Motion, at pp. 7–8. Plaintiffs counter that the claims of the Corrected Fourth Amended Complaint have "been redone" to state actionable combinations and conspiracies. Plaintiffs' Response, at p. 3.

Judge Rovner's January, 1990 Order discusses in great detail all of plaintiffs' current allegations which were part of their Third Amended Complaint. As such, only the allegations substantively different from those in the Third Amended Complaint need be discussed here.[3] The relevant new allegations contained in the Corrected Fourth Amended Complaint are that agents and employees of A & B Crane Company, Chicago Gypsum Floors, Hoge, Warren & Zimmerman, and Arlis Roberts agreed with the defendant unions to refrain from doing business with Imperial and/or to use only union subcontractors in violation of § 8(e) of the National Labor Relations Act, 29 U.S.C. § 158(e). Corrected Fourth Amended Complaint, at pp. 15–17, ¶ 17i-n. Plaintiffs argue that these new allegations suffice to state Sherman Act violations and to remove the defendants' actions from application of any exemptions. We agree.

The alleged agreements between A & B Crane employees, Chicago Gypsum Floors, Hoge, Warren & Zimmerman and Arlis Roberts and the defendant unions meet the requirements of pleading unlawful combinations or conspiracies. As opposed to the combinations and conspiracies alleged in the Third Amended Complaint, the present allegations concern agreements between the unions and specific non-union contractors and other non-labor entities and do not involve union contractors which are alleged to be co-schemers, or which are subject to collective bargaining agreements with the unions. *See* Corrected Fourth Amended Complaint, at pp. 15–17, ¶ 17j–l; *Imperial,* 729 F.Supp. at 1209–10. Defendants argue that these allegations are insufficient because plaintiffs fail to allege that the unions agreed or conspired with competitors of the plaintiffs or that they shared any anti-competitive purpose as required by *Mid–America Regional Bargaining Ass'n v. Will County Carpenters Dist. Council,* 675 F.2d 881, 888–89 (7th Cir.1982) (hereinafter *"MARBA"*). This argument is flawed.

In *MARBA,* the Seventh Circuit upheld the dismissal of claims of anti-trust conspiracy between union and employer where they had agreed, pending resolution of a union strike, that the contractor would pay $2.25

---

**3.** With regard to the broad conspiracy claims from the Third Amended Complaint, the law of the case in the January, 1990 order states, "plaintiffs here failed to meet the basic pleading requirements for alleging a conspiracy with the

union contractors.... [I]n the absence of more specificity, the allegations of a conspiracy with non-labor parties cannot stand." 729 F.Supp. at 1210.

for each labor hour worked during the strike into an escrow account to be used to satisfy any increased wages as a result of the resolution of the strike. *MARBA*, 675 F.2d at 882. The district court dismissed the claims because the actions of the parties were statutorily exempt from the anti-trust laws. The Seventh Circuit affirmed, saying that although there was an agreement alleged between the union and a non-labor entity, it was a collective bargaining agreement which cannot form the basis of an anti-trust conspiracy absent allegations of the five requirements set out in *United Mine Workers v. Pennington*, 381 U.S. 657, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965). *MARBA*, 675 F.2d at 888–89 (setting out the five requirements). The *MARBA* court then held that plaintiffs failed to allege one of the requirements, namely that the union and non-labor entity share an anti-competitive purpose.

This *MARBA* rationale is inapposite to the present case. Here, the defendants do not argue that the agreements relied on by the plaintiffs in their new allegations were collective bargaining agreements. Therefore, the five requirements set out in *MARBA* do not apply. Thus, defendants' reliance on *MARBA* and their argument that no anti-competitive purpose was alleged is inapposite. If defendants were to argue that the agreements specified in the new allegations were collective bargaining agreements, a different result may obtain. However, they do not and there is no evidence apparent which would support that argument. Therefore, we hold that these new allegations are stated with sufficient specificity to survive a motion for judgment on the pleadings.

■ In their next argument in support of judgment on the pleadings, defendants state that defendant Trades Council is a labor organization. As such, they argue, any agreement between it and the unions does not lift the statutory exemption as an agreement between labor and non-labor entities. In support of this assertion, defendants argue that in their three prior amended complaints plaintiffs alleged Trades Council to be a labor organization, and that Judge Hart previously found in a related case that Trades Council is a labor organization. Defendant's Motion, at pp. 3–4, and Reply Brief, at pp. 10–11 (citing *Imperial Constr. Man-*

*agement Corp. v. Laborers Int'l Union, Local 96*, No. 85 C 2390, 1985 WL 2705, at *1 (N.D.Ill. Sept. 24, 1985) (Hart, J.)). Plaintiffs respond by arguing that defendant Trades Council is not a labor organization because employees do not participate as required by 29 U.S.C. § 152(5), and that in the related proceeding cited by defendants, Trades Council itself took the position that it was not a statutory labor organization. We agree with Judge Hart. Defendant Trades Council is a labor organization within the meaning of 29 U.S.C. § 152(5) based on the facts alleged in this case because it dealt directly with employers on behalf of its union members in labor disputes involving conditions of work. *See* 29 U.S.C. § 152(5); *see also Imperial*, No. 85 C 2390, 1985 WL 2705, at *1, and cases cited therein. Therefore, plaintiffs may not rely on defendant Trades Council as a non-labor entity to remove any agreements it made with the unions from the labor exemptions to the anti-trust laws.

■ As a final ground in support of a judgment on the pleadings, defendants argue that plaintiffs' prayer for injunctive relief should be stricken because it is barred by the Norris–LaGuardia Act, 29 U.S.C. §§ 101, 104–105, and the Clayton Act, 29 U.S.C. § 52. These statutory provisions prohibit a court of the United States from issuing injunctive relief in certain situations. However, in some situations, usually involving violence, courts may issue injunctive relief in labor disputes. *See Allen Bradley Co. v. Local Union No. 3, Int'l Bhd. of Elec. Workers*, 325 U.S. 797, 65 S.Ct. 1533, 89 L.Ed. 1939 (1945); *Burlington Northern R.R. Co. v. Brotherhood of Maintenance of Way Employees*, 793 F.2d 795, 804 n. 5 (7th Cir.1986), *aff'd*, 481 U.S. 429, 107 S.Ct. 1841, 95 L.Ed.2d 381 (1987); 29 U.S.C. § 104(i) and (e). Here, plaintiffs allege sufficient acts of violence and threats of violence by the various defendants to make injunctive relief a possibility subject to proof at trial. *See Imperial*, 729 F.Supp. at 1212; Corrected Fourth Amended Complaint, at pp. 9–21. Therefore, the court will not strike plaintiffs' prayer for injunctive relief.

For all the foregoing reasons, defendants' Renewed Motion for Partial Judgment on the

Pleadings is denied. Plaintiffs, however, may not rely on defendant Trades Council as a non-labor organization to remove any agreements it made with labor from the exemptions to the antitrust laws.

### C. Summary Judgment

Defendant Local 150 brings this Motion for Summary Judgment and makes three arguments in support thereof. First, defendant argues that the statutory exemptions, set out at 15 U.S.C. § 17 and 29 U.S.C. §§ 52, 104, 105 and 113, apply to bar plaintiffs' claims. Second, Local 150 argues that a collective bargaining agreement existed between it and Imperial and, thus, plaintiffs' allegations are insufficient based on *MARBA*, 675 F.2d at 888–90, and 29 U.S.C. § 158(e). Lastly, defendant argues that the non-statutory exemption applies to the facts of this case to bar plaintiffs' claims. These arguments fail and defendant's Motion for Summary Judgment must be denied.

■ First, plaintiffs have alleged sufficiently specific allegations of a conspiracy between Local 150 and certain non-labor entities and individuals to render the statutory exemption inapplicable. *See MARBA*, 675 F.2d at 886 (recognizing exception to labor anti-trust exemption for agreement between labor and non-labor entity). In paragraphs 17i-n of the Corrected Fourth Amended Complaint, plaintiffs allege that Local 150 agreed with (1) employees and agents of A & B Crane Company to cease doing business at the Carol Stream job site, (2) Curtis Leafblad of Chicago Gypsum Floors to refrain from doing business with Imperial or work on any other job in DuPage County where non-union contractors were working, (3) Robert Zimmerman of Hoge, Warren & Zimmerman to not do business with Imperial, and (4) Arlis Roberts to not do business with Cleveland and Imperial. Corrected Fourth Amended Complaint, at pp. 15–17, ¶ 17i-n. These allegations are sufficient to invoke the exception to the statutory exemption. Defendant Local 150 offers no other evidence in support of its argument. Therefore, this argument must fail.

■ Defendant's next argument similarly fails. Defendant argues that even if plaintiffs have alleged an agreement, the allegations are not sufficient to support a claim because any agreement was made pursuant to a collective bargaining agreement and plaintiffs have not alleged the five *Pennington* factors required to lift the exemption for collective bargaining agreements. *See MARBA*, 675 F.2d at 888–89 (setting forth the five requirements). However, plaintiffs do not need to make these allegations. Plaintiffs dispute that they were ever subject to a collective bargaining agreement with Local 150. In support of the existence of a collective bargaining agreement, Local 150 asserts that agents of Imperial sought such an agreement and entered into it on behalf of Imperial. Local 150's Brief in Support, at pp. 3–5. Plaintiffs dispute this and cite excerpts of deposition testimony of those parties Local 150 asserts were Imperial's agents. Plaintiffs' Response in Opposition, at pp. 1–5. This deposition testimony raises legitimate questions as to the authority of any purported agents and principals privy to the agreement and the effect of any such agreement. These genuine issues of material fact as to the existence of a collective bargaining agreement preclude a finding of summary judgment on this ground. *See Imperial*, 729 F.Supp. at 1215 (finding that there is a genuine issue of material fact as to whether Isom, the signatory to the agreement, "was capable of binding Imperial to a contract with Engineers Local 150").

■ Lastly, defendant's argument that the non-statutory exemption applies must fail. The non-statutory exemption to the antitrust laws for labor agreements is based on national labor policy and depends mainly on whether the agreement "was a direct restraint on the business market, as opposed to an indirect restraint that would follow naturally from the elimination of competition over wages and working conditions." *MARBA*, 675 F.2d at 892 (citing *Connell Constr. Co. v. Plumbers & Steamfitters Local Union No. 100*, 421 U.S. 616, 95 S.Ct. 1830, 44 L.Ed.2d 418 (1975)). The Corrected Fourth Amended Complaint here alleges a direct restraint on the business market. In *Connell*, the Supreme Court found that the non-statutory exemption did not apply in a factually similar situation. *Connell* alleged that it was coerced by the defendant union into agree-

ing that it would only hire subcontractors which were parties to the union's multi-employer collective bargaining agreement. *Connell,* 421 U.S. at 619–20, 95 S.Ct. at 1833. The Supreme Court held that this agreement imposed a "direct restraint on the business market" and, thus, was not entitled to the non-statutory exemption. *Connell,* 421 U.S. at 625, 95 S.Ct. at 1836. The allegations here are very similar and also allege a direct restraint on the business market. As such, the non-statutory exemption argument does not support defendant's motion. Therefore, for all the foregoing reasons, defendant's Motion for Summary Judgment is denied.

**D.** *Motion to Strike Insufficient Affirmative Defenses from Defendants' Answers*

Plaintiffs Cleveland and Imperial move this court, pursuant to FED.R.CIV.P. 12(f), to strike the affirmative defenses set out in the defendants' Answers because they are "redundant" and "immaterial", and because they are not adequately pled under FED.R.CIV.P. 8(c) with specific factual allegations. Defendants Trades Council, Local 96 and Local 701 (hereinafter "Consolidated Defendants" for purposes of this motion) respond by arguing that plaintiffs' motion is untimely and disfavored, that granting the motion will not assist the court by narrowing the issues and, in any case, that their affirmative defenses are properly pleaded. Defendant Local 150 did not respond to the motion.[4]

■ First, Rule 12(f) states that a motion to strike is to be made "within 20 days ... or upon the court's own initiative at any time ...". FED.R.CIV.P. 12(f). As such, we will not deny plaintiffs' motion as untimely. Next, defendants argue that motions to strike affirmative defenses for being redundant and immaterial are disfavored and should only be granted where no factual issues are raised or where they are clearly insufficient. Consolidated Defendants' Brief in Opposition, at p. 3 (citing *Glenside West Corp. v. Exxon Co., USA,* 761 F.Supp. 1100, 1114–15 (D.N.J.1991)). We recognize that motions to strike defenses are generally dis-

favored. *See Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir.1989) ("Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings.... Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact.") However, "the general rule that motions to strike are disfavored ... [does not apply] where [granting the motion would] remove unnecessary clutter from the case." *Heller,* 883 F.2d at 1294. Thus, we must determine if the affirmative defenses add clutter or substance to this complex case. The following affirmative defenses will be stricken.

**1.** *Lack of Factual Basis for a Conspiracy*

This purported affirmative defense asserts that

> The Plaintiffs' complaint fails to state a claim upon which relief can be granted since it lacks a factual basis for a conspiracy between the defendants and a non-labor entity.

This is not an affirmative defense which brings any substance to the litigation. Defendants have denied all substantive allegations made by plaintiffs in their Answers and have made this argument in numerous motions before this court. Judge Rovner, thus, has had prior occasion to rule on this argument and has held that it lacks merit. Therefore, it is ordered stricken.

**2.** *Claim Splitting, Res Judicata and Estoppel*

These defenses were ruled upon, against the defendants, in Judge Rovner's January, 1990 Order. Defendants argue, as part of their Answer that "[t]his defense is raised in order to preserve such subjects for appeal." These defenses do not need to be raised again to be preserved for appeal. As such, they are stricken in order not to complicate the real remaining issues in the case.

---

**4.** Local 150 apparently chose not to respond to plaintiffs' motion. In their memorandum in support of their motion, however, plaintiffs note that the affirmative defenses raised by the Consolidat-

ed Defendants are identical to those raised by Local 150. The following analysis, therefore, applies equally to all defendants.

### 3. *Trades Council is a Labor Organization*

As discussed above, we have held that defendant Trades Council is a labor organization for purposes of this case under 29 U.S.C. § 152(5). Therefore, this affirmative defense is stricken as moot.

### 4. *Failure to State a Proper Cause of Action*

Defendants argue here that "the complaint fails to state a proper cause of action for conspiracy as previously determined by this court [at] 729 F.Supp. at 1290–91." Consolidated Answer and Affirmative Defenses, at p. 15, ¶ 18. This purported affirmative defense is stricken as cumulative, immaterial and misleading.

### 5. *Failure to Comply with Rule 8(a)*

Defendant Local 150 alone asserts this affirmative defense. It asserts:

> Plaintiffs' allegations in Paragraphs 21 and 22 aforesaid contain references to allegations made in other pending litigation including, but not limited to *Lowe Excavating Company v. IUOE, Local 150,* case no. 88 CH 34 (Circuit Court, McHenry County). Such allegations fail to comply with Federal Rules of Civil Procedure, Rule 8(a), constitutes [sic] a basis for imposition of sanctions pursuant to 28 U.S.C. Sec. 1927 and Federal Rules of Civil Procedure, Rule 11.

This is not an affirmative defense and fails to meet the pleading requirements of Rule 8(a) itself. *See Heller,* 883 F.2d at 1294 ("Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure."). The court is directed to no authority disallowing references to allegations made in other litigation. Furthermore, arguing that some unidentified allegations fail to meet the standard of Rule 8(a) without any reasons offered does not itself meet the requirements of Rule 8(a). Finally, arguing improper pleading is the type of clutter which we believe does not belong as an affirmative defense even if well argued. It is, therefore, ordered stricken.

Therefore, Consolidated Defendants' affirmative defenses to the Corrected Fourth Amended Complaint numbered 3, 10, 16, 17 and 18, and Local 150's affirmative defenses to the Corrected Fourth Amended Complaint numbered 4, 10, 11 and 13 are ordered stricken.

## II. *CONCLUSION*

For all the foregoing reasons, defendants' Motion to Dismiss Guy Cleveland as A Party Plaintiff, Renewed Motion for Partial Judgment on the Pleadings and Motion for Summary Judgment are denied. Plaintiffs' Motion to Strike Insufficient Affirmative Defenses is granted in part and denied in part. Defendant Local 150's affirmative defenses to the Corrected Fourth Amended Complaint numbered 4, 10, 11 and 13 are ordered stricken. The remaining defendants' affirmative defenses to the Corrected Fourth Amended Complaint numbered 3, 10, 16, 17 and 18 are ordered stricken.